UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. ED CV 08-2339 DOC                                              Date: October 18, 2011

Title: BRUCE MCGILL v. ALVAROC TRAQUINA, MD.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                            Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                                    Not Present   
Courtroom Clerk                                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                             NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

      Before the Court is Defendant Alvaroc Traquina, MD., ("Traquina")'s Motion to Dismiss and Strike pursuant to Federal Rules 12(b)(6) (Docket 19). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. The Court has considered the moving, opposing, and replying papers, and hereby GRANTS Traquina's Motion.

      **I.**    **Factual Background**

      Bruce McGill ("Plaintiff") is a 44 year-old inmate of the California State Prison at Solano ("CSP Solano"). Complaint ¶¶ 4, 7. Plaintiff alleges that, in 2006, he was diagnosed with glaucoma while incarcerated at CSP Solano. *Id*. ¶ 7. As a result of this diagnosis, Plaintiff claims that his physicians have written prescriptions for various medications including Cosopt, Inderal LA, and Latanoprost. *Id*. ¶ 8.

      Alvaroc Traquina ("Defendant") is the Chief Medical Officer and Health Care Manager

of CSP Solano.  *Id*. ¶ 5.  By virtue of this position, Plaintiff avers that Defendant is an employee of the State of California.  *Id*.

### A.     Factual Background for Plaintiff's Eighth Amendment Claim

Beginning around April 2008, Defendant allegedly ceased distributing or inconsistently distributed Plaintiff's daily glaucoma medications.  *Id*. ¶ 9.  On April 29, 2008, Plaintiff asserts that he filed an emergency appeal–referred to as a "602 appeal"–because he had not received his glaucoma medication for 30 days.  *Id*. ¶ 10.  In this 602 appeal, Plaintiff describes the failed efforts of three different nurses who tried to get the prescriptions filled.  *Id*.  Plaintiff alleges that, on May 5, 2008, his 602 appeal was granted.  *Id*. ¶ 11.  Despite this action, Plaintiff claims that he still did not receive all of his glaucoma medication.  *Id*.  Counsel for Plaintiff followed up with the warden of CSP Solano on June 16, 2008, yet no further action was taken.  *Id*. ¶ 12.

On May 21, 2008, Plaintiff states that he submitted his second-level 602 appeal.  *Id*. ¶ 13.  Again, on July 3, 2008, Plaintiff's appeal was granted and Defendant allegedly stated he would re-distribute all of Plaintiff's medications.  *Id*.  Plaintiff, however, avers that he did not receive these prescriptions on July 3, 2008, although he did receive them at some later date.  *Id*. ¶ 14.  Additionally, Plaintiff argues that after issuing the second-level appeal response, Defendant canceled all of Plaintiff's pending doctor's appointments including, but not limited to, those scheduled for treating eye pain, loss of vision, and headaches.  *Id*. ¶ 17.  In a final attempt to procure his medications, Plaintiff alleges that on July 12, 2008, he submitted a 602 appeal to the Directors level.  *Id*. ¶ 15.  At the time the instant action was filed, no decision had been issued on this appeal.  *Id*.

Throughout the approximately four months that Plaintiff had not received his glaucoma medication, Plaintiff asserts that he suffered severe headaches, eye pain, and marked loss of vision in his left eye.  *Id*. ¶ 16.  As a result of these injuries, Plaintiff seeks in his prayer for relief: (1) general damages to compensate Plaintiff for injuries he suffered and continues to suffer from; (2) punitive damages; (3) attorney's fees; (4) costs of suit herein; and (5) such other and further relief as this Court may deem proper.

### B.     Procedural Background for Plaintiff's Potential State Tort Claims

Plaintiff filed the instant action on October 2, 2008.  Compl. 6.  Nearly four months later, on January 27, 2009, Plaintiff filed a claim for his injuries and damages with the Victim Compensation and Government Claims Board ("VCGCB").  Opposition to Motion to Dismiss ("Opp'n") 7.  On February 10, 2009, while this action was still pending, the VCGCB informed Plaintiff that the court system would be the appropriate means for resolution of his claims.  *Id*.

## II.     Legal Standard

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be freely given whenever justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. Discussion

#### A. **Plaintiff's Federal Claims Are Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies, as Required by the PLRA**

Defendant first moves to dismiss Plaintiff's Eighth and Fourteenth Amendment claims on the ground that Plaintiff failed to exhaust his administrative remedies. Defendant argues that, because Plaintiff failed to pursue every available remedy, the instant litigation must be dismissed by this Court. Mot. to Dismiss 2. Plaintiff concedes that he did not exhaust the available remedies but argues that he discontinued his efforts only when he determined that continued efforts would be futile. Opp'n 5.

In order for a prisoner to bring an action under Section 1983 of Title 42 of the United States Code, he must exhaust every administrative remedy available through the prison. The governing language of the Prison Litigation Reform Act of 1995 ("PLRA") reads, in part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. 1997e(a). The Supreme Court has interpreted the PLRA to cover any suit related to prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, this Court has previously held that the PLRA prohibits a prisoner from bringing suit concerning prison conditions or occurrences without first exhausting all available administrative remedies. *See Clinton v. Meyers*, No. CV 08-4177-DOC OP, 08-4177 2010 WL 114209, at *4 (C.D. Cal., Jan. 8, 2010) (Carter, J.).

In addition, federal courts must dismiss claims where a prisoner has failed to exhaust his administrative- remedies, even where doing so would have been futile. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). This is because, as the Supreme Court recently clarified, "exhaustion is mandatory under the PLRA." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Furthermore, the Supreme Court has interpreted the PLRA to preclude any federal court from hearing futility exceptions brought by potential prisoner-litigants. *See Clinton* 2010 WL 114209, at *4 (citing *Booth v. Churner*, 532 U.S. 731, 740-741 (2001)).

In the instant litigation, Plaintiff concedes that he failed to exhaust his administrative remedies because he failed to complete the appeal process made available to him by CSP Solano. Plaintiff alleges that he pursued his claim through one level of informal review and three levels of formal review. Opp'n 4. After four levels of appeal, Plaintiff maintains he was frustrated that his requests were granted but his medication was still not delivered. *Id*. at 5. As such, Plaintiff felt "it would have been futile to continue filing grievances because even if they were granted he would not be assured that he would receive what he was requesting." *Id*. Unfortunately for Plaintiff, this is precisely the argument that the Supreme Court has rejected under the PLRA. *Clinton*, 2010 WL 114209, at *4. Because Plaintiff admits that he did not exhaust all available administrative remedies, this Court must dismiss this Complaint.

### B.  Plaintiff's Federal Claims Must Be Dismissed with Prejudice

In dismissing Plaintiff's Complaint for lack of exhaustion, the Court must decide whether to do so with or without prejudice. As this Court has previously recognized, leave to amend should be granted if it appears possible that the plaintiff could correct the defects in the complaint; if, however, it is not possible for the complaint to be cured by amendment, the Court may dismiss without leave to amend. *Clinton*, 2010 WL 114209, at *9 (citing *Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995)

Until recently, the Ninth Circuit instructed courts to dismiss *without* prejudice if a prisoner had failed to exhaust his nonjudicial remedies. *See Wyatt*, 315 F.3d at 1120. However, this option is precluded by the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81 (2006). In *Woodford*, the Supreme Court upheld the dismissal of an inmate's complaint because the exhaustion requirement is not satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 83-84. District courts within the Ninth Circuit have interpreted *Woodford* to mean that, where it is too late for an inmate to exhaust his remedies, dismissal without leave to amend is proper because the plaintiff can plead no facts to satisfy exhaustion. *See Martin v. Garza*, No. 06 CV 01095 JM, 2007 WL 2288127, at *4 (S.D. Cal. Aug. 7, 2007); *Regan v. Frank*, No. 06-00066 JMS-LEK, 2007 WL 106537, at *4-5 (D. Haw. Jan. 9, 2007).

In the instant litigation, Plaintiff's Complaint is dismissed because he failed to satisfy the exhaustion requirement of the PLRA. Even if the Court were to grant Plaintiff leave to amend, he would not be able to retroactively complete the administrative appeals process in order to exhaust all of his available remedies. Consequently, granting Plaintiff leave to amend would be futile. Based on this analysis, the Court finds that granting Defendant's motion to dismiss without leave to amend is proper. *See Mester v. Miller*, No. 2:09-cv-3307 KJM KJN, 2011 WL 3500988, at *3-6 (E.D. Cal. Aug. 9, 2011).

Therefore, to the extent Plaintiff alleges federal causes of action, Defendant's motion to dismiss Plaintiff's Section 1983 claim arising from violations of the Eighth and Fourteenth Amendment is GRANTED without leave to amend.

### C.  Plaintiff's State Tort Claims Are Dismissed Because He Failed To Timely File His Claim, as Required by the Government Claims Act

Defendant alternatively moves to dismiss Plaintiff's Complaint because the claims for money damages, to the extent they arise from state law, are barred because Plaintiff failed to file them first with the Victim Compensation and Government Claims Board ("VCGCB"). Def. Reply ("Reply") 1. After reviewing statutory language, as well as the precedents established in both this Circuit and those from the California state courts, this Court finds that it lacks jurisdiction because Plaintiff filed the instant litigation before his damages claim was denied by the VCGCB. Because this Court lacks

jurisdiction over the matter, it must dismiss Plaintiff's Complaint to the extent that it alleges state law claims.

Reviewing the dates relevant to Defendant's argument, Plaintiff alleges that Defendant's conduct began on or around April 2008. Complaint ¶ 9. After proceeding through most, if not all, of his administrative remedies made available through CSP Solano, Plaintiff filed the instant litigation on October 2, 2008. *Id*. at 1. Approximately four months later, on January 27, 2009, Plaintiff filed his claim for damages with the VCGCB. Opp'n 7. Plaintiff's claim was rejected by the VCGCB on February 10, 2009, at which point Plaintiff alleges that the VCGCB directed him that the court system would be the best means of resolving his claim. *Id*. Because Plaintiff filed his Complaint prior to any decision by the VCGCB, Defendant avers Plaintiff violated the Government Claims Act[1] and, as such, this Court must dismiss the Complaint. Reply 1-2.

California Government Code Section 945.4 provides the statutory basis for Defendant's motion, providing:

> Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . .

Cal. Gov. Code § 945.4. Though Plaintiff contends that it would be "a waste of time and resources to dismiss the case simply because a technical requirement was not fulfilled," numerous courts in this circuit have consistently found otherwise and this Court agrees. *See* Opp'n 7.

To begin, the Court of Appeals for the Ninth Circuit has repeatedly held that, in federal cases, causes of action arising under California law are subject to the claims filing requirement prescribed by Section 945.4. *Karim-Panahi v. LAPD*, 839 F.2d 621, 627 (9th Cir. 1988); *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999). In each of these cases, the Court of Appeals found that where the respective plaintiffs failed to allege compliance with the GCA, the claims were barred and properly dismissed by the respective district courts. *Id*. Further, the Eastern District has opined that, "the filing requirement of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendants, in short, an integral part of plaintiff's cause action.'" *Bradford v. City of Modesto*, No. 1:06-CV-01214 AWI GSA, 2008 WL

---

[1] Courts have referred to California Government Code Sections 810-996.6 as both the Government Claims Act ("GCA") and the California Tort Claims Act ("CTCA"). Here, Plaintiff and Defendant refer to the statute as the "GCA" but several of the cases cited use "CTCA." For purposes of simplification, this Court chooses to follow *City of Stockton v. Superior Court*, and refer to the statute as the GCA. *See* 42 Cal. 4th 730, 741-2 (Cal. 2007).

4492543, at *9 (E.D. Cal. Oct. 3, 2008) (quoting *Williams v. Horvath*, 16 Cal. 3d 834, 842 (Cal. 1976)).

Even more recently, in litigation similar to the instant case, the Eastern District held that "[f]ederal courts *require* compliance with the [GCA] for pendant state law claims for damages against public entities or employees." *Yearby v. California Department of Corrections*, No. 2:07-cv-02800 JAM KJN, 2010 WL 2880180, at *5 (E.D. Cal. Jul. 21, 2010) (emphasis added quoting *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969)). *Yearby*, which involved a California inmate suing a physician's assistant at a state prison on Section 1983 grounds, declared, "state tort claims in a federal court action pursuant to 42 U.S.C. § 1983 *must* allege compliance with the claim presentation requirement." *Id*. at *5. Ultimately, the Eastern District allowed litigation of the plaintiff's complaint, finding there was "substantial compliance" with the GCA by virtue of an amended complaint, as well as an answer on the part of the defendant. *Id*. at *8. In analyzing the substantial compliance, the court found:

> "[s]everal factors support allowing plaintiff's suit based on a 'substantial compliance' analysis: (1) plaintiff's tort claim was itself timely filed, thus timely informing defendant of the claim for purposes of investigation and settlement, satisfying the underlying purposes of [GCA}'s claim presentation requirement; (2) defendant twice filed statements of nonopposition to plaintiff's requests to amend his complaint to add his state law claims; and (3) neither plaintiff's Third Amended Complaint nor the instant Fourth Amended Complaint reflect any defects in plaintiff's pleading as to his tort claim."

*Id*. An overwhelming factor in finding that the plaintiff in *Yearby* had substantially complied with the GCA was the existence of unopposed amended complaints.

This Court, however, finds no evidence of substantial compliance on Plaintiff's part and, therefore, finds no reason to keep alive a claim that must otherwise be dismissed. Plaintiff concedes that he did not abide by the requirements of Section 945.4. Opp'n 7. Instead, Plaintiff views the VCGCB's denial of his claim as a mitigating factor which, in fact, strengthens his argument that his Complaint should be heard despite its noncompliance with the GCA. *Id*. None Plaintiff's argument is consistent with the clear statutory language–supported by ample case law–requiring Plaintiff to file his claim with the VCGCB prior to initiating any sort of litigation in the court system.

Accordingly, to the extent Plaintiff may allege state causes of action, Defendant's motion to dismiss Plaintiff's Complaint as barred by the GCA is GRANTED.

**IV.     Disposition**

For the foregoing reasons, Traquina's Motion to Dismiss is GRANTED. Plaintiff's federal claims are DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.